**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased, | **CV-21-97-GF-BMM** |
| Plaintiffs, | **ORDER** |
| v. | |
| BNSF RAILWAY COMPANY, a Delaware corporation, ROBINSON INSULATION COMPANY, a Montana Corporation for profit, GROGAN ROBINSON LUMBER COMPANY, a Montana corporation for profit, et al., | |
| Defendants. | |

**INTRODUCTION**

Burlington Northern Santa Fe Railway Company ("BNSF') has filed ten motions to strike expert witnesses. (Doc. 91); (Doc. 94); (Doc. 97); (Doc. 103);

1

(Doc. 109); (Doc. 113); (Doc. 116); (Doc. 120); (Doc. 131); (Doc. 138). Jackson Wells, as personal representative for the Estate of Thomas E. Wells, and Judith Hemphill, as personal representative for the estate of Joyce H. Walder (collectively "Plaintiffs"), oppose these motions. (Doc. 152); (Doc. 153); (Doc. 154); (Doc. 155); (Doc. 156); (Doc. 159); (Doc. 165); (Doc. 175.) Plaintiffs have filed two motions in limine. (Doc. 147); (Doc. 150.) BNSF opposes these motions. (Doc. 175); (Doc. 185.) The Court will address Plaintiffs' motion to strike the expert reports of John Kind, Ph.D., CIH, CSP, ("Kind") dated June 10, 2022, and February 7, 2023. (Doc. 147); (Doc. 148). The Court will address the remaining motions in a future order.

## FACTUAL BACKGROUND

The facts mirror the factual background presented in the Court's previous orders in this case. Vermiculite ore containing high concentrations of amphibole asbestos was intensively mined, processed, and shipped from Libby, Montana between 1923 and 1994. (Doc. 15 at 4.) Vermiculite mining and transport operations resulted in the accumulation of significant asbestos contamination in and around Libby, including airborne asbestos contamination. (*Id.*) BNSF's railyard in downtown Libby served as the hub of the railroad company's vermiculite business. Plaintiffs allege that BNSF transported crushed vermiculite ore, loaded into open rail cars from the vermiculite mine and along BNSF's "Libby Logger" line, to BNSF's railyard in downtown Libby. Plaintiffs claim that BNSF transported from

193 million to four billion pounds of asbestos between 1925 and 1981, moving up to 105,000 pounds of asbestos per day into downtown Libby in the late 1960s and 1970s, and up to 126,000 pounds of asbestos per day through the 1980s. (Doc. 15 at 6.)

Plaintiffs allege that asbestos exposure occurred as a consequence of being in close proximity to the Libby railyard. Plaintiff Wells alleges that exposure occurred when he lived approximately one-quarter mile from the railyard. (*See* Doc. 59 at 4.) Plaintiff Wells alleges that further exposure occurred during the summer of 1978 when he lived in a trailer home abutting the Libby Railyard. (*See id.*) Plaintiff Walder alleges that exposure occurred when, as a child, she would walk on the railroad tracks to get from her home to the ball field near the Libby railyard. (*See id.* at 9.) Plaintiff Walder further alleges that exposure occurred when she spent time near the Libby railyard while running track in middle and high school and frequenting the municipal baseball fields to watch her brothers play baseball and to recreate. (*See id.* at 7.) Plaintiffs further allege that dust containing asbestos would drift through the Libby community and would be blown through Libby during periods of high winds. (*Id.* at 6.)

## LEGAL BACKGROUND

The Court previously dismissed Plaintiffs' claims against Robinson Insulation and Grogan Robinson Lumber. (Doc. 42.) BNSF is the only defendant remaining.

(*See id.*) The Court granted Plaintiffs' motion for summary judgment regarding BNSF's nonparty affirmative defenses. (Doc. 210.) The Court denied BNSF's motion for summary judgment regarding federal preemption. (*Id.*) The Court granted in part and denied in part Plaintiffs' motion for summary judgment concerning the limited scope of the common carrier defense to BNSF's abnormally dangerous activity. (Doc. 222.) The Court also denied BNSF's motion for partial summary judgment. (*Id.*)

BNSF has filed ten motions to strike: 1) motion to strike expert report and testimony of Barry Castleman, ScD; 2) motion to strike the expert report of James Lockey, MD; 3) motion to strike expert reports and testimony of Arthur L. Frank, MD, Ph.D.; 4) motion to strike expert report and testimony of Arnold R. Brody, Ph.D.; 5) motion to strike the expert report and testimony of Brent Staggs, M.D.; 6) motion to strike the expert report and testimony of Ronald Dodson, Ph.D.; 7) motion to strike expert report and testimony of Julian Marshall, Ph.D.; 8) motion to strike the expert report and testimony of Edwin C. Holstein, MD; 9) motion to strike expert report and testimony of Julie Hart, Ph.D., CIH; and 10) motion to strike expert report and testimony of Steven Compton, Ph.D. (Doc. 91); (Doc. 94); (Doc. 97); (Doc. 103); (Doc. 109); (Doc. 113); (Doc. 116); (Doc. 120); (Doc. 131); (Doc. 138). Plaintiffs oppose these ten motions. (Doc. 152); (Doc. 153); (Doc. 154); (Doc. 155); (Doc. 156); (Doc. 159); (Doc. 165); (Doc. 175.)

Plaintiffs have filed two motions to strike: 1) motion to strike the expert reports of John Kind, Ph.D., CIH, CPS dated June 10, 2022 and February 7, 2023; and 2) motion to strike the expert reports of David B. Sicilia, Ph.D. dated August 26, 2022, and October 4, 2022. (Doc. 147); (Doc. 150.) BNSF opposes these motions. (Doc. 175); (Doc. 185.)

## LEGAL STANDARD

A motion in limine serves to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *Quad City Testing Laboratory*, 2010 WL 4337827 at *1.

## DISCUSSION

**A. Motion to Strike the Expert Reports of John Kind, Ph.D., CIH, CPS, Dated June 10, 2022 and February 7, 2023.**

5

The Court first will discuss Kind's June 10, 2022 report. The Court will then consider Kind's February 7, 2023 report.

### i.     Kind's Report Dated June 10, 2022.

Plaintiffs concede that "Kind was designated by BNSF as an expert concerning Plaintiff Walder." (Doc. 147 at 2.) Plaintiffs contend that BNSF subsequently provided an expert report authored by Kind concerning Plaintiff Wells on March 16, 2023, in response to Plaintiffs' motion for partial summary judgment. (*Id.* at 4-5.) This report was dated June 10, 2022, and will be referred to as the "June 10, 2022 report." Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." "A party must make [Rule 26] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The Court provided a scheduling order to the parties with the following pertinent deadlines:

| | |
|---|---|
| All parties shall disclose liability experts on or before: | August 26, 2022 |
| Plaintiffs shall disclose damages experts (with Rule 26(a)(2) reports) on or before: | August 26, 2022 |

Defendant shall disclose damages experts (with
Rule 26(a)(2) reports) on or before:                    September 23, 2022

All parties shall disclose rebuttal experts on or
before:                                                 October 7, 2022

(Doc. 35.) Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to

identify a witness as required by Rule 26, "the party is not allowed to use that

information or witness to supply evidence . . . unless the failure was substantially

justified or is harmless."

"Rule 37(c)(1) gives teeth to [the Rule 26] requirements by forbidding the use

at trial of any information required to be disclosed by Rule 26(a) that is not properly

disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

Cir. 2001). It remains undisputed that BNSF disclosed Kind's June 10, 2022 report

after the Court's disclosure deadline of August 26, 2022. (*See* Doc. 35.) BNSF first

disclosed Kind's June 10, 2022 report on March 16, 2023, as an exhibit attached to

BNSF's summary judgment response. (*See* Doc. 74-2.)

BNSF contends that the untimely disclosure of Kind's June 10, 2022 report

proves harmless. (Doc. 173 at 4.) The party facing exclusion under Rule 37(c)(1)

bears the burden to prove that the belated disclosure was either justified or harmless.

*Yeti by Molly*, 259 F.3d at 1107. "The factors a court may consider in determining

whether a violation of a discovery deadline is justified or harmless are (1) prejudice

or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citation omitted.)

The Court determines that the untimely disclosure of Kind's June 10, 2022 report proves harmless. The Court applies the *Lanard Toys* factors in reaching this determination. Plaintiffs will suffer no prejudice or surprise from Kind's June 10, 2022 report. Kind's June 10, 2022 report appears to be the same or substantially similar to Kind's previously disclosed report concerning Plaintiff Walder. (*Compare* Doc. 148-1; Doc. 148-2.) The reports appear to rely on the same methodology, charts, and graphs. (*See id.*) The application of the methodology to Plaintiff Wells and Walder's individual histories appears to be the only cognizable difference. (*Id.*)

Plaintiffs note that Dr. Compton, Dr. Hart, and Dr. Marshall received Kind's previous report concerning Plaintiff Walder and commented on that report in their depositions. (*See, e.g.*, Doc. 186 at 6-7.) The Court recognizes that not allowing Dr. Compton, Dr. Hart, and Dr. Marshall to review and comment on Kind's June 10, 2022 report may prejudice Plaintiffs. To reduce the possibility of prejudice, the Court will reopen depositions on a limited basis to allow for Dr. Compton, Dr. Hart, and Dr. Marshall to review Kind's June 10, 2022 report and offer their comments. The Court also will allow Plaintiffs to depose Kind with questions limited to the

8

basis for the June 10, 2022 report. BNSF shall be responsible for the costs and fees, including reasonable attorney's fees, associated with these limited depositions.

The production of new documents may provide good cause for the Court to grant the re-deposition of a witness. *See, e.g., Harris v. New Jersey*, 259 F.R.D. 89, 94 (D.N.J. 2007). The Court may order a party "to pay the reasonable expenses -- including attorney's fees--incurred because of any noncompliance with [the Court's scheduling order] . . .." Fed. R. Civ. P. 16(f)(2). If a party fails to identify a witness as required by Rule 26(a), a court may "order payment of reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Allowing Plaintiffs a limited re-deposition of Dr. Compton, Dr. Hart, Dr. Marshall and Kind will cure any prejudice felt by Plaintiffs if their experts were not able to review and comment on Kind's June 10, 2022 report.

The Court concludes that allowing BNSF to use or present Kind's June 10, 2022 report likely will not disrupt trial. The Court issued a scheduling order on September 21, 2023, after having received a proposed schedule from the parties. (*See* Doc. 221.) A jury trial remains scheduled for April 8, 2024, pursuant to the Court's scheduling order. (*Id.*) Plaintiffs have approximately five months to review Kind's June 10, 2022 report and depose Dr. Compton, Dr. Hart, Dr. Marshall and Kind on that limited basis.

The Court also concludes that the untimely disclosure of Kinds' report did not arise from bad faith or willfulness. The Court notes that BNSF had several opportunities to recognize that it failed to disclose Kind's June 10, 2022 report, including its depositions of Dr. Compton, Dr. Hart, and Dr. Marshall when BNSF asked those experts about Kind's report pertaining to Plaintiff Walder. (*See* Doc. 186 at 6-7.) The Court also recognizes that BNSF's disclosure of the June 10, 2022 report occurred when BNSF filed it as an exhibit in response to Plaintiffs' motion for summary judgment. The Court nevertheless gives credence to BNSF's contention that the failure to disclose Kinds' June 10, 2022 report until March 16, 2023, related to a clerical error. The lengthy history of this action, the plethora of documents filed by both parties, the inherent complexity of asbestos-related litigation, and the need for expert testimony in such matters supports the Court's conclusion.

     ii.    **Kind's February 7, 2023 report.**

          a. **Whether Kind's February 7, 2023 report is supplemental or rebuttal.**

Plaintiffs contend that Kind's February 7, 2023 supplemental report exceeds the bounds of permissible supplementation because it neither informs of any changes or alterations nor contemplates or corrects previously disclosed information. (Doc. 147 at 8.) Plaintiffs assert that the February 7, 2023 report actually functions as a rebuttal report. (*Id.* at 10.)

Plaintiffs point to the fact that BNSF submitted the February 7, 2023 report after the Court's rebuttal report deadline of October 7, 2022. (*Id.*) Federal Rule of Civil Procedure 26(e) provides that a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 26(e) supplementation does not provide a "loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). In considering whether a supplement under Rule 26(e) is permissible, courts should evaluate "1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, 2) whether the supplemental information was available at the time set for the initial disclosure." *Burger v. Excel Contractors, Inc.*, No. 2:12-CR-01634-APG-CW, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013).

The Court agrees that Kind's February 7, 2023 report is not a supplemental report. The February 7, 2023 report begins "I have been provided the expert reports of [experts in the case]." (Doc. 148-3 at 7.) The February 7, 2023 report opines:

> Of the new materials I have received (outlined in Appendix A), I have reviewed the expert reports of Dr. Marshall and Dr. Hart, as well as the rebuttal reports of Dr. Marshall, Dr. Hart, and Dr. Compton. After reviewing these reports, my opinions in this case have not changed. I have outlined my reasoning for maintaining my opinions below.

(*Id.*) Kind dedicates the majority of the February 7, 2023 report to discussing Dr. Marshall, Dr. Hart, and Dr. Compton's reports, and how they are flawed and unpersuasive. (*See id.*) Nothing in the February 7, 2023 report relates to incomplete or inaccurate information that Kind seeks to correct. It is true, admittedly, that Kind could not have known of Dr. Marshall, Dr. Hart, and Dr. Compton's contentions in his June 10, 2022 report because those contentions were submitted with Plaintiffs' expert disclosures. The additional information commented on in the February 7, 2023 report, however, is not presented for its own value.

Kind presents the additional information instead to critique Plaintiffs' reports. Headings from the February 7, 2023 report include, "Drs. Hart and Marshall downplay or ignore the significant role of W.R. Grace's activities in the exposure of community members to Libby amphibole," "Drs. Hart and Marshall consistently overestimate the exposure parameters underlying Dr. Marshall's exposure model, thus resulting in a gross overestimation of the plaintiffs' cumulative Libby Amphibole (LA) exposures and subsequent health risks," and "Dr. Hart's statements that the EPA has recognized BNSF as a significant source of asbestos contamination in the Libby community is not supported by the available data or by the EPA's

human health risk assessment of Libby, MT." (*See id.* at 7, 9, 12.) Kind's February 7, 2023 report does not serve as a supplemental report. The February 7, 2023 report instead represents a rebuttal report submitted after the Court's October 7, 2022 rebuttal report deadline.

### b. Whether Kind's February 7, 2023 report is nevertheless admissible.

BNSF contends that, even if Kind's February 7, 2023 report were to be considered a rebuttal report submitted after the Court's October 7, 2022 deadline, the untimely disclosure of that report proves harmless. (Doc. 173 at 17.) The Court agrees. Trial is set in this action for April 8, 2024. (Doc. 221.) Plaintiffs will have approximately five months to review Kind's February 7, 2023 rebuttal report. Plaintiffs may admittedly suffer prejudice if Dr. Compton, Dr. Hart, and Dr. Marshall are unable to review and comment on Kind's February 7, 2023 report. The Court orders that Plaintiffs may re-depose Dr. Compton, Dr. Hart, and Dr. Marshall with questions limited to Kind's February 7, 2023 report to alleviate the potential prejudice faced by Plaintiffs. The Court also orders that Plaintiffs may depose Kind concerning the contents of his February 7, 2023 report. BNSF shall be responsible for the reasonable attorney's fees and costs associated with these limited depositions. *See* Fed. R. Civ. P. 37(c)(1)(A).

The Court determines that allowing BNSF to use or present Kind's February 7, 2023 report likely will not disrupt trial. A jury trial in this action is set for April

13

8, 2024. (Doc. 221.) The Court also concludes that the untimely disclosure of Kind's February 7, 2023 report did not arise from bad faith or willfulness. The Court gives credence to BNSF's contention that Kind's February 7, 2023 report was delayed because Kind was waiting for San Clemente high school records, Libby public school records, and DEQ's assessment of Plaintiff Walder's prior residence in Libby. (*See* Doc. 173 at 18.) The Court cautions BNSF, however, that any further late disclosures related to expert witnesses will not be tolerated.

## ORDER

Accordingly, **IT IS ORDERED:**

1.  Plaintiffs Motion to Strike the Expert Reports of John Kind, PHD, CIH, CSP Dated June 10, 2022 and February 7, 2023 (Doc. 146) is **DENIED.** Plaintiffs may re-depose Dr. Compton, Dr. Hart, and Dr. Marshall on a limited basis to inquire as to their assessment of Kind's June 10, 2022 report and Kind's February 7, 2023 report. Plaintiffs also may depose Kind pertaining to his June 10, 2022 report and his February 7, 2023 report. BNSF bears responsibility for the costs and fees, including reasonable attorney's fees, associated with these depositions.

2.  The parties are ordered to confer by November 15, 2023, to schedule any limited deposition of Dr. Compton, Dr. Hart, Dr. Marshall, and Kind.

DATED this 8th day of November, 2023.


Brian Morris, Chief District Judge
United States District Court