IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation.,<br><br>Defendant. | CV-21-97-GF-BMM<br><br>O<small>RDER</small> |

**INTRODUCTION**

Burlington Northern Santa Fe Railway Company ("BNSF') has filed ten motions to strike expert witnesses. (Doc. 91); (Doc. 94); (Doc. 97); (Doc. 103); (Doc. 109); (Doc. 113); (Doc. 116); (Doc. 120); (Doc. 131); (Doc. 138). Jackson Wells, as personal representative for the Estate of Thomas E. Wells, and Judith Hemphill, as personal representative for the estate of Joyce H. Walder (collectively "Plaintiffs"), oppose these motions. (Doc. 152); (Doc. 153); (Doc. 154); (Doc. 155); (Doc. 156); (Doc. 159); (Doc. 165); (Doc. 175.) Plaintiffs have filed two motions in limine. (Doc. 147); (Doc. 150.) BNSF opposes these motions. (Doc. 175); (Doc.

1

185.) The Court will address BNSF's motion to strike the expert report and testimony of Barry Castleman, ScD ("Castleman"). (Doc. 91.) The Court will also address Plaintiffs' motion to strike the expert reports of David B. Sicilia, Ph.D. ("Sicilia") dated August 26, 2022, and October 4, 2022. (Doc. 147.) The Court will address the remaining motions in a future order.

## FACTUAL BACKGROUND

The facts mirror the factual background presented in the Court's previous orders in this case. Vermiculite ore containing high concentrations of amphibole asbestos was intensively mined, processed, and shipped from Libby, Montana between 1923 and 1994. (Doc. 15 at 4.) Vermiculite mining and transport operations resulted in the accumulation of significant asbestos contamination in and around Libby, including airborne asbestos contamination. (*Id.*) BNSF's railyard in downtown Libby served as the hub of the railroad company's vermiculite business.

Plaintiffs allege that BNSF transported crushed vermiculite ore, loaded into open rail cars from the vermiculite mine and along BNSF's "Libby Logger" line, to BNSF's railyard in downtown Libby. Plaintiffs claim that BNSF transported from 193 million to four billion pounds of asbestos between 1925 and 1981, moving up to 105,000 pounds of asbestos per day into downtown Libby in the late 1960s and 1970s, and up to 126,000 pounds of asbestos per day through the 1980s. (Doc. 15 at 6.)

Plaintiffs allege that asbestos exposure occurred as a consequence of being in close proximity to the Libby railyard. Plaintiff Wells alleges that exposure occurred when he lived approximately one-quarter mile from the railyard. (*See* Doc. 59 at 4.) Plaintiff Wells alleges that further exposure occurred during the summer of 1978 when he lived in a trailer home abutting the Libby Railyard. (*See id.*) Plaintiff Walder alleges that exposure occurred when, as a child, she would walk on the railroad tracks to get from her home to the ball field near the Libby railyard. (*See id.* at 9.) Plaintiff Walder further alleges that exposure occurred when she spent time near the Libby railyard while running track in middle and high school and frequenting the municipal baseball fields to watch her brothers play baseball and to recreate. (*See id.* at 7.) Plaintiffs further allege that dust containing asbestos would drift through the Libby community and would be blown through Libby during periods of high winds. (*Id.* at 6.)

## LEGAL BACKGROUND

The Court previously dismissed Plaintiffs' claims against Robinson Insulation and Grogan Robinson Lumber. (Doc. 42.) BNSF is the only defendant remaining. (*See id.*) The Court granted Plaintiffs' motion for summary judgment regarding BNSF's nonparty affirmative defenses. (Doc. 210.) The Court denied BNSF's motion for summary judgment regarding federal preemption. (*Id.*) The Court granted, in part, and denied, in part, Plaintiffs' motion for summary judgment

concerning the limited scope of the common carrier defense to BNSF's abnormally dangerous activity. (Doc. 222.) The Court also denied BNSF's motion for partial summary judgment. (*Id.*)

BNSF has filed ten motions to strike: 1) motion to strike expert report and testimony of Barry Castleman, ScD; 2) motion to strike the expert report of James Lockey, MD; 3) motion to strike expert reports and testimony of Arthur L. Frank, MD, Ph.D.; 4) motion to strike expert report and testimony of Arnold R. Brody, Ph.D.; 5) motion to strike the expert report and testimony of Brent Staggs, M.D.; 6) motion to strike the expert report and testimony of Ronald Dodson, Ph.D.; 7) motion to strike expert report and testimony of Julian Marshall, Ph.D.; 8) motion to strike the expert report and testimony of Edwin C. Holstein, MD; 9) motion to strike expert report and testimony of Julie Hart, Ph.D., CIH; and 10) motion to strike expert report and testimony of Steven Compton, Ph.D. (Doc. 91); (Doc. 94); (Doc. 97); (Doc. 103); (Doc. 109); (Doc. 113); (Doc. 116); (Doc. 120); (Doc. 131); (Doc. 138). Plaintiffs oppose these ten motions. (Doc. 152); (Doc. 153); (Doc. 154); (Doc. 155); (Doc. 156); (Doc. 159); (Doc. 165); (Doc. 175.)

Plaintiffs have filed two motions to strike: 1) motion to strike the expert reports of John Kind, Ph.D., CIH, CPS dated June 10, 2022 and February 7, 2023; and 2) motion to strike the expert reports of David B. Sicilia, Ph.D. dated August 26, 2022, and October 4, 2022. (Doc. 147); (Doc. 150.) BNSF opposes these motions.

(Doc. 175); (Doc. 185.) The Court denied previously Plaintiffs' motion to strike the expert reports of John Kind, Ph.D., CIH, CPS dated June 10, 2022 and February 7, 2023 (Doc. 223).

## LEGAL STANDARD

A motion in limine serves to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *Quad City Testing Laboratory*, 2010 WL 4337827 at *1.

## DISCUSSION

The Court will discuss first BNSF's motion to strike the expert report and testimony of Castleman. The Court will then address Plaintiffs' motion to strike the expert reports of Sicilia dated August 26, 2022 and October 4, 2022.

**A. Motion to strike the expert report and testimony of Castleman.**

BSNF seeks to strike the expert report and testimony of Castleman on the basis that Castleman did not substantially participate in the drafting of his report. (Doc. 92 at 5.) Federal Rule of Civil Procedure 26(a)(2)(B) requires that a witness retained or specifically employed to be an expert witness must prepare and sign a written report. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Federal courts have discretion to impose sanctions for an untimely or inadequate expert disclosure, including the exclusion of expert witness testimony. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The intent of Rule 26 leaves room for a litigant's counsel to provide some assistance in preparing the expert report. *See Wilderness Dev., LLC v. Hash*, No. CV 08-54-M-JCL, 2009 WL 564224, at *3 (D. Mont. Mar. 5, 2009). The rule's language confirms this intent:

6

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed [in some cases] this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed. R. Civ. P. 26, 1993 Advisory Committee Notes. An expert report still may be adequate if the report is "in substance, that of the expert, the expert provides substantial input in the preparation of the report, and counsel prepares the report based on extensive discussions with the expert." *Wilderness Dev.*, 2009 WL 564224, at *4 (*citing Crowley v. Chait*, 322 F. Supp. 2d 530, 543-45 (D.N.J. 2004)). The discovery rule requiring litigants to exchange expert reports serves to eliminate unfair surprise to the opposing party and to conserve resources. *Headley v. Ferro Corp.*, 630 F. Supp. 2d 1261 (W.D. Wash. 2008).

The Court has reviewed Castleman's report and deposition transcripts. The Court concludes that Castleman's report in this case reflects adequately his opinions in this matter. Castleman testified that "Plaintiff's Counsel drafted parts of the report and I drafted parts of the report, and I reviewed all of the original cited documents." (Doc. 156-8 at 4.) Castleman also stated that "I confirmed that the—that the documents said what they were, you know, cited as saying . . . [and] that the citations were – were relevant and correct." (*Id.*)

The Oklahoma District Court's analysis in *Valley View Dev., Inc. v. U.S. ex rel. U.S. Army Corps of Engineers*, 721 F. Supp. 2d 1024 (N.D. Okla. 2010), proves

instructive. The United States challenged an expert's testimony in *Valley View* on the grounds that the expert had not personally drafted the expert report, but instead merely ratified a report drafted by Valley View's counsel. *Id.* at 1049. The Oklahoma District Court considered the competing deposition testimony in which the expert suggested that he had not drafted the expert report. *Id.* The Court weighed that testimony against testimony from the same expert who stated that he had edited significantly and reviewed the report drafted by counsel. *Id.* The district court determined that the expert's report, even though portions had been drafted by the plaintiff's counsel, reflected an adequate amount of preparation. *Id.*

The analysis in *Valley View* substantially mirrors the facts presented here. Castleman testified that he had reviewed and edited the portions of the report drafted by Plaintiffs' counsel, including having reviewed the cited materials to ensure the citations were accurate. (*See* Doc. 156-8 at 4.) Castleman's report goes beyond merely providing a signature on a report wholly drafted by counsel. *See Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 579 (W.D. Tenn. 2009).

BNSF claims that Castleman's report nearly repeats his report authored in the Montana Asbestos Court case *Kelly Watson v. BNSF Ry. Co.*, Cause No. ADV-10-0740. (Doc. 92 at 9.) BNSF further argues that any changes made to Castleman's expert report between *Watson* and this action were done by Plaintiffs' counsel, not Castleman. (*Id.* at 12-13.) These contentions do not disturb the conclusion that

Castleman's report adequately reflects his opinions in this action. These arguments go instead to the weight to be given to Castleman's opinion by the trier of fact.

### B. Motion to strike Sicilia's expert reports dated August 26, 2022, and October 4, 2022.

The Court will consider Sicilia's expert reports independently.

### i. Sicilia's report dated August 26, 2022.

Plaintiffs contend that Sicilia did not prepare or sign the August 26, 2022 report. (Doc. 150 at 5.) Plaintiffs point to Sicilia's statement: "The one and only report I prepared for this case is the one dated October 4th, 2022." (Doc. 151-3 at 9.) BNSF has now provided an affidavit from Sicilia in which he states, "I drafted an initial expert report and signed it." (Doc. 169 at 5.) BNSF also has provided email correspondence with Sicilia that indicates that he emailed the August 26, 2022 report to BNSF's counsel on August 26, 2022. (*Id.* at 7.) The Court concludes that Sicilia authored and signed the August 26, 2022 report. The Court gives credence to BNSF's argument that Sicilia's contrary depositions statements were a product of miscommunication.

### ii. Sicilia's report dated October 4, 2022.

Plaintiffs contend that Sicilia's October 4, 2022 rebuttal report exceeds the boundaries of a permissible rebuttal report because it contained entirely new sections, subsections, and general conclusions. (Doc. 150 at 11.) Rebuttal reports are authorized under Federal Rule of Civil Procedure 26(a)(2)(D).

9

"Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address." *Perez v. State Farm Mut. Auto. Ins. Co.*, No. 6-cv-1962-JW, 2011 WL 8601203, at *8 (N.D. Cal. Dec. 7, 2011). "Rebuttal disclosures of expert testimony are intended solely to 'contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-2509-LHK, 2014 WL 1351040, at *3 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(a)(2)(D)).

The Court determines that Sicilia's October 4, 2022 report represents a proper rebuttal report. Sicilia's October 4, 2022 report contains two sections dedicated to rebutting the opinions of Castleman and Julie F. Hart, Ph.D., CIH. ("Hart") (Doc. 151-5 at 31, 32.) These sections respond to Castleman and Hart's reports and serve as proper rebuttals. *See Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 897 (S.D. Cal. 2019)

Sicilia's October 4, 2022 report admittedly also contains information not presented in Sicilia's August 26, 2022 report. (*See* Doc. 151-5 at 26-31, 32-33.) Section 4, titled "Joyce H. Walder et al. v. BNSF Railway Company et al., U.S. Disitrct Court for the District of Montana, Great Falls Division, CV-21-97-GF-BMM; and Thomas E. Wells et al. v. BNSF Railway Company et al., U.S. District Court for the District of Montana, Great Falls Division,

CV-21-97-GF-BMM," contains most notably newly presented information and conclusions. (*See id.* at 26-31.) Sicilia's August 4, 2022 report also contains a new conclusion:

> Medical and scientific literature on human health effects from exposure to vermiculite developed much later than the literature on asbestos human health effects. It was not until 1984 that studies in the medical literature documented hazards from the kinds of vermiculite that contained asbestiform fibers. During the years of exposure alleged by the plaintiffs in this case, non-asbestos-containing vermiculite continued to be considered non-hazardous.

(*Id.* at 33-34.) The Court recognizes that the new information and conclusions presented in Sicilia's October 4, 2022 report may prejudice Plaintiffs if they are not able to respond.

The Court orders that Plaintiffs are allowed to file a limited surrebuttal report dedicated to addressing the new information presented in Sicilia's October 4, 2022 report. The new information presented is found in section 4 and subsections 4.a., 4.b., and 4.c., ranging from pages 25 to 30 of Sicilia's October 4, 2022 report. The new information also includes Sicilia's new conclusion, General conclusion 2, located on pages 32 to 33 of the October 4, 2022 report. BNSF shall be responsible for the reasonable costs and fees, including attorney's fees, associated with the creation of the limited surrebuttal report. *See* Fed. R. Civ. P. 37(c)(1)(A).

Accordingly, **IT IS ORDERED:**

1. BNSF's motion to strike the expert report and testimony of Barry Castleman, ScD (Doc. 91) is **DENIED.**

2. Plaintiff's motion to strike the expert reports of David B. Sicilia, Ph.D., dated August 6, 2022 and October 4, 2022 (Doc. 147) is **DENIED**.

3. Plaintiffs may offer a surrebuttal report concerning the new information and new conclusion presented in Sicilia's October 4, 2022 rebuttal report. The new information to be considered in the surrebuttal report is found in sections 4, 4.a., 4. b., and 4.c. of the October 4, 2022 report. The new conclusion is general conclusion 2 of the October 4, 2022 report. BSNF shall be responsible for the reasonable costs and fees, including attorney's fees, associated with Plaintiff's creation of the surrebuttal report.

4. Plaintiffs are ordered to expeditiously produce the limited surrebuttal report if they choose to create one.

DATED this 15th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court