IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>      Plaintiffs,<br><br> v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation.,<br>      Defendant. | CV-21-97-GF-BMM<br><br>Order |

## INTRODUCTION

Burlington Northern Santa Fe Railway Company ("BNSF") has filed ten motions to strike expert witnesses. (Doc. 91); (Doc. 94); (Doc. 97); (Doc. 103); (Doc. 109); (Doc. 113); (Doc. 116); (Doc. 120); (Doc. 131); (Doc. 138). Jackson Wells, as personal representative for the Estate of Thomas E. Wells, and Judith Hemphill, as personal representative for the estate of Joyce H. Walder (collectively "Plaintiffs"), oppose these motions. (Doc. 152); (Doc. 153); (Doc. 154); (Doc. 155); (Doc. 156); (Doc. 159); (Doc. 165); (Doc. 175.) The Court will address 1) BNSF's motion to strike the expert report of James Lockey, MD; 2) motion to strike expert

1

reports and testimony of Arthur L. Frank, MD, Ph.D.; 3) motion to strike expert report and testimony of Julian Marshall, Ph.D.; 4) motion to strike the expert report and testimony of Edwin C. Holstein, MD; and 5) motion to strike expert report and testimony of Steven Compton, Ph.D. (Doc. 94); (Doc. 97); (Doc. 116); (Doc. 120); (Doc. 138). The Court will address the remaining motions to strike Arnold R. Brody, Ph.D., Brent Staggs, MD, and Julie Hart, Ph.D., CIH, in a future order. (Doc. 103); (Doc. 109); (Doc. 131.)

## FACTUAL BACKGROUND

The facts mirror the factual background presented in the Court's previous orders in this case. (*See* Doc. 225 at 2-3.)

## LEGAL BACKGROUND

The Court denied previously BNSF's motion to strike the expert report and testimony of Barry Castleman, ScD. (Doc. 224) The Court denied BNSF's motion to strike the expert report and testimony of Ronald Dodson, Ph.D. (Doc. 225.) The Court denied Plaintiffs' motion to strike the expert reports of John Kind, Ph.D., CIH, CPS dated June 10, 2022 and February 7, 2023 (Doc. 223). The Court denied also Plaintiffs' motion to strike the expert reports of David B. Sicilia, Ph.D., dated August 26, 2022 and October 4, 2022. (Doc. 224.)

## LEGAL STANDARD

A motion in limine serves to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *Quad City Testing Laboratory*, 2010 WL 4337827 at *1.

## DISCUSSION

Federal Rule of Evidence 702 provides that "scientific, technical, or other specialized knowledge" by a qualified expert is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." A district court has a gatekeeping role to objectively screen expert testimony to ensure that it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Courts consider if an expert's testimony has a reliable basis in the knowledge and experience of the relevant discipline. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (1999). The inquiry into the admissibility of an expert's testimony is flexible. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). The reliability of an expert's testimony about a relevant issue is best attacked by cross examination, contrary evidence, and attention to the burden of proof, not by exclusion. *Daubert,* 509 U.S. at 596. The Court will discuss independently each of BNSF's motions to strike.

### A. Motion to strike James Lockey, MD

BNSF claims that James Lockey, MD ("Lockey") did not conduct any scientific analysis to reach his conclusion that Libby asbestos played a substantial factor in causing Plaintiffs' alleged mesotheliomas. (Doc. 96 at 4.) Plaintiffs contend that Lockey reviewed Plaintiffs' work and residential histories and gave conclusions that Plaintiffs were likely not exposed to erionite or other mesotheliogic materials, including weathered volcanic materials. (Doc. 153 at 6-7.) Lockey's report lists the sources that he consulted in arriving at his conclusion, including Plaintiff Wells's March 25, 2020 deposition, Wells's response to BNSF's request for production, Wells's response to BNSF's first interrogatories, Plaintiff Walder's Response to BNSF's first request for production, and Walder's responses to BNSF's first interrogatories. (*See* Doc. 153-3 at 2.) The Court determines that Lockey has

demonstrated that he has reviewed pertinent materials and that his research and knowledge of Libby Amphibole and volcanic eruptions and resultant air contamination support his conclusion. The Court declines to strike Lockey's expert report and testimony. BNSF may cross-examine Lockey at trial on these alleged shortcomings as to the weight that the jury should afford to Lockey's opinions.

### B. Motion to strike Arthur L. Frank, MD, Ph.D.

BNSF argues that Arthur L. Frank's ("Frank") opinions are not based on sufficient data. (Doc. 98 at 4.) Plaintiffs counter that Frank's opinions are based on sufficient data because Frank reviewed Plaintiffs' medical records, pathology reports, diagnosis records, and death certificates. (Doc. 152 at 8.) The Court reviews Frank's expert reports and concludes that adequate facts and information support Frank's opinion. Frank gives a summarized history of both Plaintiffs' exposures to Libby amphibole. (*See* Doc. 152-6); (Doc. 152-7.) BNSF's contentions revolve largely around what sources and data Frank did not review. Those arguments go to the weight to be ascribed to Frank's opinion by the trier of fact.

### C. Motion to strike Julian Marshall, Ph.D.

BNSF argues that Julian Marshall ("Marshall") lacks sufficient experience to be qualified as an expert in asbestos particulate air modeling. (Doc. 117 at 4.) BNSF further asserts that Marshall provides insufficient facts and data to support his conclusions concerning the airborne asbestos content at the time of Plaintiffs'

5

alleged exposures. (*Id.* at 15.) The Court has reviewed Marshall's qualifications, including his CV and publication list. (Doc. 175-1.) The Court concludes Marshall stands qualified to offer his opinion concerning whether Plaintiffs' exposure to Libby Amphibole in dust created by BNSF's activities was substantial based on his training and experience in airborne particulate modeling and human exposure to airborne particulates, including asbestos. (*See id.*) BNSF once again may cross-examine Marshall at trial regarding the alleged deficiencies in his analysis.

The Court concludes additionally that sufficient data and facts support Marshall's opinions concerning Plaintiffs. Marshall's report lists a plethora of resources he reviewed in arriving at his opinions, including EPA pollution reports from Libby in 2001 and 2003, toxicology reports concerning Libby from 2014, 2015, 2016, and 2020, amongst other sources. (*See* Doc. 175-4 at 87-88.) The Court is mindful that its role under *Daubert* is not to serve as a replacement for the adversary system. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 892 F.3d 624, 631 (4th Cir. 2018). The Court concludes that BNSF's contentions are best saved for cross-examination.

**D. Motion to strike Edwin C. Holstein, MD**

BNSF claims that Edwin C. Holstein's ("Holstein") opinions concerning Plaintiffs are unreliable. (Doc. 121 at 5.) BNSF argues that Holstein merely adopted the opinions of Marshall and Hart, thereby impermissibly bolstering those expert's

6

findings. (*Id.* at 6-11.) The Court has reviewed Holstein's expert reports and deposition transcript. (*See* Doc. 152-2); (Doc. 153-3); (Doc. 122 at 20-42.) The Court concludes that Holstein's opinions reflect an adequate degree of relevance and reliability. Holstein reviewed numerous sources when arriving at his opinions concerning Plaintiffs Wells and Walder, including depositions provided by Plaintiffs, death certificates, medical records, radiology reports, and pathology reports. (*See* Doc. 152-2 at 3); (Doc. 152-3 at 4.)

It is true, admittedly, that Holstein reviewed and relied on Hart and Marshall's expert reports in reaching his conclusions. (*See* Doc. 122 at 26, 35, 38, 39) ("I thought Dr. Hart did a very nice job of summarizing, of actually collecting, collating, and summarizing information . . .."); ("Dr. Marshall defines four specific pathways by which each of the two Plaintiffs were exposed, and I think that his approach to this -- I think his approach to this is a good one. And therefore, in my subsequent testimony, I think I will be adopting the same approach."); ("[Marshall's conclusions] change[d] some of my -- some of the opinions in my report."); ("[s]o whereas the residential information detracted from the confidence of some opinions I had expressed in my report, Dr. Marshall's analysis resurrected those opinions.") Holstein's use and reliance on Marshall and Hart's expert reports does not rise to the level of impermissibly vouching or bolstering of Marshall's and Hart's opinions. Holstein's use instead involves an adoption of those findings that may be challenged

7

by attacking the facts underlying Marshall's and Hart's findings on cross-examination. The Court declines to strike Holstein's report or testimony.

### E. Motion to strike Steven Compton, Ph.D.

BNSF contends that Steven Compton's ("Compton") opinion is not based on sufficient facts and that he is not qualified to render the conclusion that Plaintiff suffered substantial asbestos exposure while near the Libby railyard. (Doc. 139 at 5-6.) Plaintiffs contend that Compton conducted a comprehensive review of scientific literature and other relevant scientific information concerning asbestos exposure resulting from amphibole asbestos similar to the asbestos found in Libby. (Doc. 155 at 21-22.) The Court agrees.

Compton's expert report lists multiple sources reviewed by Compton, including the Montana Supreme Court's order in *BNSF Ry. Co. v. Eddy*, 2020 MT 59, the EPA's Initial Pollution Report regarding BNSF's Libby properties, a map of visible vermiculite in BNSF's downtown Libby Railyard prepared during the initial railyard cleanup, the 1975 W.R. Grace Dust Survey, deposition testimony of Plaintiff Wells, deposition excerpts from BNSF employees and Libby community members, including Plaintiff Wells, and the expert reports of Hart and Marshall. (*See* Doc. 155-2 at 3-4.) The Court recognizes also that Compton is sufficiently qualified to provide his opinion about asbestos exposure in Libby, having co-authored a paper titled "Analysis of Vermiculite for Asbestos and Screening for Vermiculite from

Libby, Montana." (*Id.* at 27.) BNSF's argument that Compton did not sufficiently review or consider pertinent information is best reserved for cross-examination.

## ORDER

Accordingly, **IT IS ORDERED:**

1. BNSF's motion to strike the expert report and testimony of James Lockey, MD (Doc. 94) is **DENIED.**

2. BNSF's motion to strike the expert report and testimony of Arthur L. Frank, MD, Ph.D. (Doc. 97) is **DENIED.**

3. BNSF's motion to strike the expert report and testimony of Julian Marshall (Doc. 116) is **DENIED.**

4. BNSF's motion to strike the expert report and testimony of Edwin C. Holstein, MD (Doc. 120) is **DENIED**.

5. BNSF's motion to strike the expert report and testimony of Steven Compton, Ph.D. (Doc. 138) is **DENIED**.

DATED this 17th day of November, 2023.

Brian Morris, Chief District Judge
United States District Court