Jori Quinlan
HALL BOOTH SMITH, P.C.
101 E. Front St., Ste. 402
Missoula, MT 59802
(406) 317-0070
jquinlan@hallboothsmith.com

*Attorneys for Dr. C. Bradford Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>*Plaintiffs*,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>*Defendant*. | Cause No.: CV-21-97-GF-BMM<br><br>**DECLARATION OF C. BRADFORD BLACK, M.D.** |

Pursuant to 28 U.S.C. § 1746, C. Bradford Black, M.D. declares as follows:

1. I am a medical doctor with a pediatric specialty.

2. I helped found the Center for Asbestos Related Disease ("CARD") in 2003.

1

3. I was employed at CARD in various capacities. I was a physician and Medical Director until May 2021 and continued as a researcher and consultant part-time until September 2023.

4. During the time I was employed at CARD, CARD screened thousands of patients for the presence of asbestos-related disease.

5. I do not know nor do I remember Joyce Walder as a patient of CARD. I do not have any independent recollection of her imaging, test results, or other medical records, which I would have reviewed nearly a decade ago.

6. I do not have any independent recollection of discussing Joyce Walder with any other CARD providers at the time of her screening, which would have occurred nearly a decade ago.

7. Any testimony that I might offer concerning the care of Joyce Walder would have to be based exclusively on her medical records.

8. When I was employed at CARD, as was my usual custom, habit and practice, I personally reviewed Joyce Walder's CT imaging and her CARD medical screening records and then discussed the patient with Michelle Boltz, FNP-C.

9. Since there is no record of an office visit with me, I did not personally see Joyce Walder. I did not discuss her health, incidental exposure, occupational, recreational, or residential history with her. I did not discuss her symptoms with her nor did I discuss her functional capacity with her.

10. Although the initial reviewer, Stephen Becker, M.D., did not find diagnostic evidence for previous asbestos exposure, on Joyce Walder's CT scan dated December 22, 2014, I observed pleural thickening, which can be consistent with an asbestos-related disease.

11. After diagnosing Joyce Walder with pleural thickening, I signed an SSA form confirming that diagnosis.

12. I had no further contact with Joyce Walder. My role with this patient was limited to my December 29, 2014 review and recognition of pleural thickening consistent with an asbestos-related disease.

13. I have lived in Libby, Montana, during all relevant times to this action.

14. Prior to receiving the subpoena from BNSF for my perpetuation deposition, BNSF has not previously sought to depose me in this matter.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing it true and correct.

EXECUTED this 26th day of January 2024.

_C. Bradford Black, M.D._
C. Bradford Black, M.D.