Chad M. Knight
Anthony M. Nicastro
W. Adam Duerk
KNIGHT NICASTRO MACKAY, LLC
304 W. 10th Street
Kansas City, MO 64105
Email: knight@knightnicastro.com
       nicastro@knightnicastro.com
       duerk@knightnicastro.com
Telephone: (720) 770-6235
Facsimile: (816) 396-6233
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation; ROBINSON INSULATION COMPANY, a Montana Corporation for profit; GROGAN ROBINSON LUMBER COMPANY, a Montana Corporation for profit; and DOES A-Z,<br><br>Defendants. | Case No.: 4:21-cv-00097-BMM<br><br>**DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE IN OPPOSITION TO C. BRADFORD BLACK, M.D.'S OBJECTION TO AND MOTION TO QUASH TRIAL SUBPOENA ISSUED BY BNSF RAILWAY COMPANY** |

**DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE IN OPPOSITION TO C. BRADFORD BLACK, M.D.'S OBJECTION TO AND MOTION TO QUASH TRIAL SUBPOENA ISSUED BY BNSF RAILWAY COMPANY**
PAGE 1

KNIGHT NICASTRO MACKAY, LLC
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

COMES NOW, Defendant BNSF RAILWAY COMPANY ("BNSF"), by and through its attorneys, Knight Nicastro MacKay, LLC, and hereby submits this *Response in Opposition to C. Bradford Black, M.D.'s Objection to and Motion to Quash Trial Subpoena Issued by BNSF Railway Company*[1].

Dr. Black's *Objection* largely raises the same issues briefed by Plaintiffs in their *Objection*. BNSF will not restate its response to those identical issues and instead incorporates its *Response* in Doc. 244 as if fully stated here.

Dr. Black raises two issues. First, he claims that he lacks relevant personal knowledge as a fact witness and second, he has not been disclosed as a retained expert by either party. Dr. Black's identification as a "retained expert" is irrelevant to whether he has information relevant to the claims and defenses in this lawsuit. A treating physician who has not been designated as an expert but otherwise identified as a witness may testify as a fact witness. *Boles v. Greenwood Leflore Hosp.*, 2022 U.S. Dist. LEXIS 231786, 2022 WL 17961391 (N.D.Miss., Jan. 20, 2023). Documents and statements that purport to outline an exposure history to a substance will always have a tendency to make the existence of any fact that is of consequence

---

[1] Counsel for BNSF and Dr. Black held a phone conferral on February 8th to discuss as many of Dr. Black's objections as possible. The parties had little disagreement about Dr. Black's testimony regarding CARD treatment records. With respect to his testimony regarding his time as a county health officer, the parties disagreed as to whether any of that testimony would cross the line into expert witness testimony. Dr. Black agreed to review a proposal from BNSF on that issue. With respect to questions regarding his studies Plaintiff's other experts relied on, the parties could not agree.

DEFENDANT BNSF RAILWAY COMPANY'S
RESPONSE IN OPPOSITION TO C. BRADFORD
BLACK, M.D.'S OBJECTION TO AND MOTION TO
QUASH TRIAL SUBPOENA ISSUED BY BNSF
RAILWAY COMPANY
PAGE 2

KNIGHT NICASTRO MACKAY, LLC
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

in a lawsuit more or less probably than it would be without the evidence. *See* Fed. R. Evid. 401.

Dr. Black argues that he lacks relevant personal knowledge but then admits in his declaration that any of his testimony regarding Mrs. Walder would be based exclusively on her medical records. *See* Doc. 241 at ¶ 7. It is these records that BNSF would ask Dr. Black about which he admits that he would have been aware of as part of his usual custom, habit and practice. *Id*. at ¶ 8. This testimony is no different than half of the depositions Dr. Black sat for which are listed on Attorney Jori Quinlan's Declaration. *See* Doc. 242-2.[2] In those depositions the plaintiffs were claiming an asbestos related disease and, similar to Ms. Walder, at some point in time, were treated by Dr. Black. In *Kampf*, *Daley* and *Watson*, Dr. Black was a witness with relevant information. Dr. Black reviewed medical records which refreshed his memory and gave testimony in those cases even though his treatment of those individuals happened many years prior. The relevancy of Dr. Black's testimony in those cases did not hinge on the plaintiffs choosing to use Dr. Black as an unretained expert. If those plaintiffs hired new experts in an attempt to avoid exposure admissions that were reviewed and accepted by Dr. Black, Dr. Black still

---

[2] The other depositions in that list are irrelevant to Dr. Black's involvement in this case. The Asbestos Claims Court analyzed whether a CARD diagnosis was a sufficient diagnosis which led to discovery into the CARD clinic and the dismissal of hundreds of cases pursuant to a deferred docket process. Dr. Black's testimony in *BNSF on behalf of the United States of America vs. CARD* addressed issues unrelated to this case.

**DEFENDANT BNSF RAILWAY COMPANY'S
RESPONSE IN OPPOSITION TO C. BRADFORD
BLACK, M.D.'S OBJECTION TO AND MOTION TO
QUASH TRIAL SUBPOENA ISSUED BY BNSF
RAILWAY COMPANY**
PAGE 3

**KNIGHT NICASTRO MACKAY, LLC**
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

would have been a witness with relevant information in those cases.[3] BNSF has no control over the number of personal injury lawsuits filed in Montana in which Dr. Black is a witness.

With respect to testimony as a county health officer, Dr. Black admits in his Declaration that he lived in Libby during the relevant time period for Mrs. Walder's claim. *See* Doc. 241 at ¶ 13. As explained by BNSF in Doc. 244, Dr. Black's personal knowledge as the County Health Officer is relevant to the issue of notice advanced by the Plaintiffs in this lawsuit. Plaintiffs through retained expert Julie Hart are claiming that the EPA made several findings regarding W.R. Grace available to the public. Dr. Black however, as the County Health Officer, disputes this and can testify to his personal knowledge of what was known and not known. Counsel for Dr. Black maintained an objection to this testimony as expert testimony; however, this testimony has nothing to do with "expert opinions." BNSF provided examples of this testimony from Dr. Black in previous cases in Doc. 244-1.

Finally, Dr. Black's admissions that show bias in the studies that he and other CARD associates performed is directly relevant to the Plaintiff's experts' use of and reliance on those studies. This issue is explored outside of the context of being an

---

[3] Dr. Black argues additionally that his testimony is cumulative to the records; however, the Court has not received any evidence in this trial so it cannot be deemed cumulative. Furthermore, Plaintiffs objected to the admission of CARD records through their filing of a Motion in Limine.

DEFENDANT BNSF RAILWAY COMPANY'S
RESPONSE IN OPPOSITION TO C. BRADFORD
BLACK, M.D.'S OBJECTION TO AND MOTION TO
QUASH TRIAL SUBPOENA ISSUED BY BNSF
RAILWAY COMPANY
PAGE 4

KNIGHT NICASTRO MACKAY, LLC
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

"expert witness." BNSF again tendered examples of this past examination of Dr. Black in Doc. 244.

With respect to the issue of a trial preservation deposition and good cause, Dr. Black cites to *Ashby v. Mortimer*, 337 F.R.D. 652 (D. Idaho 2020) for the position that the rules do not permit trial preservation depositions. Plaintiffs did not cite to this case, so BNSF will address that issue here. *Ashby* and the case presented by BNSF in Doc 244, *Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D. Colo. 2001), reflect a dispute regarding trial preservation depositions and their position within the Rules of Civil Procedure. However, this matter is distinguished from *Ashby*. Unlike *Ashby*, Dr. Black can be served with a trial subpoena, but BNSF proposed the preservation deposition for the convenience of all parties. Procedurally in this case, Plaintiffs filed a *Motion* to exclude CARD evidence altogether from this case and the Court sought more information before ruling on that motion. Evidence of Mrs. Walder's exposure admissions to the CARD clinic that was reviewed and approved by Dr. Black is an issue that will come up very early on in this case. As will cross examination of Plaintiff's experts regarding their reliance on Dr. Black's studies and the notice issue regarding what was disclosed to the Libby Community, which including BNSF as a member of that community. By doing a trial preservation deposition, the Court will have the entire testimony of Dr. Black prior to trial so that a ruling can be made. Otherwise, the parties would have to address the issue during

DEFENDANT BNSF RAILWAY COMPANY'S
RESPONSE IN OPPOSITION TO C. BRADFORD
BLACK, M.D.'S OBJECTION TO AND MOTION TO
QUASH TRIAL SUBPOENA ISSUED BY BNSF
RAILWAY COMPANY
PAGE 5

KNIGHT NICASTRO MACKAY, LLC
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

trial, which would likely cause a greater inconvenience to Dr. Black. Additionally, Dr. Black would be called as a defense witness, and it is unknown how long Plaintiffs case in chief would take. These were factors not raised in the *Ashby* decision.

## DOCUMENT PRODUCTION ISSUE

With respect to document production, if Dr. Black does not have access to any documentation at CARD, then his response to the document production request in the subpoena is not overly burdensome. He need merely respond that he has no records. The document request was included with the subpoena, because CARD did not produce all documents to BNSF when BNSF requested Plaintiff Walder's complete medical file during discovery, as compared to the set of records produced by Plaintiff. However, if Dr. Black's retirement from CARD makes him unable to address this issue, then BNSF agrees that is not an issue for Dr. Black. But that has no impact on the subpoena for his testimony.

Dated this 9th day of February, 2024.

          KNIGHT NICASTRO MACKAY, LLC

          By: /s/ Anthony M. Nicastro
              Chad M. Knight
              Anthony M. Nicastro
              W. Adam Duerk
              *Attorneys for Defendant*
              *BNSF Railway Company*

**DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE IN OPPOSITION TO C. BRADFORD BLACK, M.D.'S OBJECTION TO AND MOTION TO QUASH TRIAL SUBPOENA ISSUED BY BNSF RAILWAY COMPANY**
**PAGE 6**

**KNIGHT NICASTRO MACKAY, LLC**
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with L.R. 7.1(d)(2), and that the number of words in the brief, excluding caption, certificates of compliance and service, table of contents and authorities, and exhibit index, is less than 3,250 words.

    KNIGHT NICASTRO MACKAY, LLC

    By: /s/ Anthony M. Nicastro
        Anthony M. Nicastro
        *Attorneys for Defendant*
        *BNSF Railway Company*

**DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE IN OPPOSITION TO C. BRADFORD BLACK, M.D.'S OBJECTION TO AND MOTION TO QUASH TRIAL SUBPOENA ISSUED BY BNSF RAILWAY COMPANY**
PAGE 7

**KNIGHT NICASTRO MACKAY, LLC**
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Roger Sullivan
Jinnifer Jeresek Mariman
Ethan Welder
McGARVEY LAW
345 First Avenue East
Kalispell, MT 59901
rsullivan@mcgarveylaw.com
jmariman@mcgarveylaw.com
ewelder@mcgarveylaw.com

Alexandra Bailey Abston (PHV)
Rachel Lanier (PHV)
Sam Taylor, II (PHV)
LANIER LAW FIRM, P.C.
10940 W. Sam Houston Parkway N., Suite 100
Houston, TX 77064
Alex.abston@lanierlawfirm.com
Rachel.lanier@lanierlawfirm.com
Sam.taylor@lanierlawfirm.com
*Attorneys for Plaintiffs*

Jori Quinlan
HALL BOOTH SMITH, P.C.
101 E. Front Street, Suite 402
Missoula, MT 59802
jquinlan@hallbothsmith.com
*Attorney for C. Bradford Black, MD*

KNIGHT NICASTRO MACKAY, LLC
By: /s/ Anthony M. Nicastro
Anthony M. Nicastro

DEFENDANT BNSF RAILWAY COMPANY'S
RESPONSE IN OPPOSITION TO C. BRADFORD
BLACK, M.D.'S OBJECTION TO AND MOTION TO
QUASH TRIAL SUBPOENA ISSUED BY BNSF
RAILWAY COMPANY
PAGE 8

KNIGHT NICASTRO MACKAY, LLC
304 WEST 10TH STREET
KANSAS CITY, MO 64105
P: (720) 770-6235