# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BNSF RAILWAY COMPANY,<br><br>　　　　　　　Defendants. | CV-21-97-GF-BMM<br><br>ORDER |

## INTRODUCTION

The Court conducted a telephonic status conference in Helena, Montana on April 5, 2024. The Court considered Defendant BNSF Railway Company's ("BNSF") motion to re-open the deposition of Dr. Brad Black ("Dr. Black"). (Doc. 310.) The Court considered additionally non-party Dr. Black's motion for a protective order, motion to strike, and motion for sanctions (Doc. 312) and Plaintiffs' motion to strike improper, irrelevant, and unfairly prejudicial CARD Clinic trial testimony. (Doc. 314.) The Court issues the following rulings.

**ORDER**

Accordingly, **IT IS ORDERED:**

1. BNSF's motion to re-open the deposition of Dr. Black (Doc. 310) is **GRANTED IN PART**. The Court orders that Dr. Black's deposition shall be reopened on Tuesday, April 9, 2024 at 8:30 AM.

2. The parties, including Dr. Black, shall be allowed to appear via videoconferencing. Knight Nicastro McKay, LLC will provide a Zoom link to the parties via email and to the Court via e-mail to sara_luoma@mtd.uscourts.gov.

3. BNSF shall have 20 minutes to ask questions of Dr. Black.

4. Plaintiffs shall have 10 minutes to pose questions on redirect to Dr. Black.

5. Dr. Black's deposition shall be limited to questions that discuss his diagnosis, treatment, and review of Plaintiff Joyce Walder or her medical records and Plaintiff Thomas Wells and his medical records.

6. Neither counsel for Plaintiffs nor counsel of BNSF shall raise objections during Dr. Black's deposition. All objections shall be preserved for consideration by the Court.

7. Counsel for Dr. Black shall limit any objections to issues protected by attorney-client privilege or assertions of Dr. Black's Fifth Amendment rights.

8. U.S. Magistrate Judge John Johnston shall supervise Dr. Black's deposition. Judge Johnston shall have the power to terminate the deposition should either party intentionally inquire as to topics outside of the scope permitted by the Court's order that limits discussion to Dr. Black's diagnosis, treatment, and review of Plaintiff Joyce Walder or her medical records and Plaintiff Thomas Wells and his medical records.

9. Dr. Black's protective order, motion to strike, and motion for sanctions (Doc. 312) is **STAYED.** The Court will consider Dr. Black's motion during the course of trial and after Dr. Black's deposition is taken.

10. Plaintiffs' motion to strike improper, irrelevant, and unfairly prejudicial CARD Clinic trial testimony (Doc. 314.) is **STAYED**. The Court will consider Plaintiffs' motion during the course of trial and after Dr. Black's deposition is taken.

11. The parties are directed to alert the Court when Dr. Black's deposition testimony will be presented. The parties shall request a sidebar to allow the Court to consider issues raised in the pending motions, Doc. 312, Doc. 314, outside the presence of the jury.

DATED this 5th day of April 2024.

_____
Brian Morris, Chief District Judge
United States District Court