## PRELIMINARY INSTRUCTION NO. P-1

Members of the jury: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations. Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be. Those matters are entirely up to you.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with the law or not.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions. You must decide

the case solely on the evidence before you. You will recall that you took an oath to do so.

# PRELIMINARY INSTRUCTION NO. P-2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves the deaths of two Libby, Montana community members: Thomas E. Wells and Joyce H. Walder. The Plaintiffs allege that Wells and Walder died from malignant mesothelioma. The Plaintiffs allege their mesothelioma was caused by Defendant BNSF Railway Company (also known as "BNSF") and its asbestos contaminated downtown Libby railyard. Plaintiffs pursue claims arising from BNSF's alleged harboring of asbestos in its railyard, failing to control or clean up that asbestos, failing to prevent that asbestos from becoming airborne and disbursing into the neighboring community, and failing to warn the community of the hazard posed by the asbestos. Plaintiffs seek general, special, and punitive damages. Plaintiffs further allege that BNSF knew of the dangers of asbestos and knew that Libby vermiculate was contaminated with asbestos.

BNSF denies Plaintiffs' allegations.

## PRELIMINARY INSTRUCTION NO. P-3

In a civil case, such as this one, the party that makes a claim must prove that claim by a preponderance of the evidence.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## PRELIMINARY INSTRUCTION NO. P-4

You should decide the case as to each Plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

# PRELIMINARY INSTRUCTION NO. P-5

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the parties have agreed; and

4. any facts that I may instruct you to accept as proved.

## PRELIMINARY INSTRUCTION NO. P-6

The parties have agreed to certain facts that will now be read to you. You must therefore treat these facts as having been proved.

1. Plaintiff Jackson Wells, as Personal Representative for the Estate of Thomas E. Wells, deceased, is a resident of Sedro-Woolley, Washington. At the time of his death, Thomas E. Wells was a resident of LaConner, Washington.

2. Plaintiff Judith Hemphill, as Personal Representative for the Estate of Joyce H. Walder, deceased, is a resident of Libby, Montana. At the time of her death, Joyce H. Walder was a resident of Westminster, California.

3. Defendant BNSF Railway Company is a corporation organized and existing under the laws of the State of Delaware and is engaged in interstate commerce with its headquarters in Fort Worth, Texas.

# PRELIMINARY INSTRUCTION NO. P-7

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are *not* evidence, and you may not consider them in deciding the facts of this case.

1. Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by the lawyers are not evidence.

3. Testimony that is excluded or stricken, or that I instruct you to disregard, is not evidence and must not be considered.

4. Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses. You are to decide the case solely on the evidence received at the trial.

## PRELIMINARY INSTRUCTION NO. P-8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## PRELIMINARY INSTRUCTION NO. P-9

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## PRELIMINARY INSTRUCTION NO. P-10

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider that evidence only for that limited purpose and not for any other purpose.

## PRELIMINARY INSTRUCTION NO. P-11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may

consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## PRELIMINARY INSTRUCTION NO. P-12

At the end of the trial, you will have to make your decision based on what you recall of the evidence presented during the trial. You will not have a transcript of the trial. Therefore, I urge you to pay close attention to the testimony as it is given.

## PRELIMINARY INSTRUCTION NO. P-13

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let notetaking distract you. When you leave the Court for recesses and when you leave at the end of the day, leave your notes in the jury room. No one will read your notes.

Whether you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## PRELIMINARY INSTRUCTION NO. P-14

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, X (formerly known as Twitter), Instagram, LinkedIn, WhatsApp, Snapchat, TikTok, or any other form of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else, including your family members, your

employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the Court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in Court. Witnesses here in Court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in Court, you will have denied the parties a fair trial.

Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

## PRELIMINARY INSTRUCTION NO. P-15

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## PRELIMINARY INSTRUCTION NO. P-16

The next phase of the trial will soon begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the Defendant may cross-examine. Then, the Defendant may present evidence, and counsel for the Plaintiffs may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.