# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> BNSF RAILWAY COMPANY, a Delaware corporation, ROBINSON INSULATION COMPANY, a Montana Corporation for profit, <br><br> Defendant. | CV-21-97-GF-BMM <br><br> **ORDER** |

Defendant BNSF moves for the Court to enter judgment as a matter of law against Plaintiffs on Plaintiffs' Punitive Damages Claims. (Doc. 355.) Plaintiffs have rested their case in chief.

## LEGAL STANDARD

A court may resolve an issue against a party when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [the] issue" after a party has been fully heard on the issue during a jury trial. Fed. R. Civ. P. 50(a). A court may "grant a motion for judgment as a matter of law against the

party on a claim" that "can be maintained or defeated only with a favorable finding" on the issue. *Id.*

## DISCUSSION

**I. Montana law permits successor liability for punitive damages.**

The Montana Supreme Court affirmed a Montana state district court's decision to hold a successor corporation liable for punitive damages for the pre-merger conduct of a predecessor company. *McCulley v. U.S. Bank of Montana*, 347 P.3d 247, 257-258 (Mont. 2015). *McCulley* determined that federal and state statutes required this result. *Id.* (citing the federal Bank Merger Act and the Montana Benefit Corporation Act (2015)).

The Montana statutes relevant to successor liability cited in *McCulley* have been subsequently repealed. *See* Mont. Code Ann. § 35-1-817. Montana law regarding successor liability has not changed in substance. *Compare* Mont. Code Ann. § 35-1-817 (2015) ("When a merger takes effect: [. . .] the surviving corporation has *all liabilities of each corporation party to the merger*) (emphasis added) with Mont. Code Ann. § 35-14-1107 (2023) ("When a merger becomes effective: [. . .] *all* debts, obligations, and other *liabilities of each* domestic or foreign *corporation* or eligible entity *that is a party to the merger, other than the survivor*, *are* debts, obligations, or *liabilities of the survivor*").

The policy considerations that motivated the statutory scheme remain constant. Punitive damages serve both to punish wrongdoers and to deter other actors—including successor corporations of predecessor wrongdoers—from wrongdoing. *McCulley* at 257. No limit exists on successor liability under Montana law that would bar a punitive damages claim against a successor corporation for the conduct of its predecessor. *See e.g., Gonzales v. Montana Power Co.*, 233 P.3d 328, 329-330 (Mont. 2010) (determining that a Montana state district court did not abuse its discretion when it certified class claims "for punitive damages" against a corporation and "its successors in interest").

**II. Plaintiffs have made a prima facie claim for punitive damages.**

A plaintiff may make a prima facie claim for punitive damages by offering sufficient evidence that a reasonable jury could find that a defendant "[knew] or intentionally disregard[ed] facts that create a high probability of injury to the plaintiff," and also "deliberately proceed[ed]" either to "act in conscious or intentional disregard of [that] high probability of injury" or "with indifference to [that] high probability of injury[.]" Mont. Code Ann. § 27-1-221.

The trial transcript reflects the following findings. Plaintiffs have presented sufficient evidence to survive a motion for judgment as a matter of law that Defendant or its predecessors knew of the high probability of injury that asbestos represented to the physical health of those who might inhale it. Fed. R. Civ. P.

50(a). Plaintiffs admitted evidence that Defendant or its predecessors had knowledge that the vermiculite that existed on its premises in Libby, Montana, contained asbestos and at times existed in an airborne state. Plaintiffs submitted evidence for the jury's consideration sufficient to survive a motion for judgment as a matter of law that the two Plaintiffs in this matter were physically proximate to the Defendant or its predecessors' property at the time asbestos remained on the property. Fed. R. Civ. P. 50(a). Finally, Plaintiffs also provided sufficient evidence to survive a motion for judgment as a matter of law that Defendant or its predecessors acted in conscious or intentional disregard of the high probability of injury represented by airborne asbestos to persons in the vicinity like Plaintiffs, and that a reasonable jury could in the alternative find shows that Defendant or its predecessors acted with indifference to that high probability of injury. Mont. Code Ann. § 27-1-221; Fed. R. Civ. P. 50(a).

## ORDER

Accordingly, **IT IS ORDERED:**

BNSF's Motion for Directed Verdict Re: Punitive Damages Claims (Doc. 355) is **DENIED**.

**DATED** this 17th day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court