IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>                 Plaintiffs,<br><br>  v.<br><br>BNSF RAILWAY COMPANY,<br><br>                 Defendant. | CV-21-97-GF-BMM<br><br>ORDER |

## INTRODUCTION

BNSF Railway Company ("BNSF") orally moved for a mistrial on April 17, 2024, the eighth day of trial in this matter. (Doc. 372 at 20.) BNSF contends that Plaintiffs' counsel, while cross-examining Larry Liukonen, violated the Court's order excluding reference to prior proceedings. (*Id.* at 20.) BNSF takes issue with the following question posed to Liukonen:

> Again, the specific question was being asked of you, at least in depositions and reports, you have worked for the railroad against these workers who got mesothelioma at the Libby yard, correct?

(*Id.*) Plaintiffs' counsel posed such question to Liukonen on cross examination. (Doc. 367 at 58.)

BNSF objected to Plaintiffs' question, and the Court conducted a sidebar. (*Id.*) The Court explained at sidebar that it was permitting Plaintiffs' counsel some latitude in asking in what litigation work Liukonen had participated in because he was avoiding the questions. (*Id.* at 59.)

BNSF then requested a curative instruction. (*Id.* at 59-60.) The Court agreed, and gave the jury the following instruction following the conclusion of the sidebar:

> Members of the jury, there was a question about Mr. Liukonen testifying against workers who got mesothelioma at the Libby railyard. That question went beyond my instructions about not talking about W.R. Grace and their role in this process. Please disregard. This is a case not about W.R. Grace; this is a case about the railroad and what they did or didn't do. And please focus your attention on the railroad here and not the bad acts or alleged bad acts of any other party in this case. Or who is not in this case, excuse me.
>
> Again, I explained that -- that is a matter for a different procedure, different court.

(*Id.* at 60.)

Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error. *Cane v. O'Neill*, No. 22-35936, 2023 WL 8271977, at *1 (9th Cir. Nov. 30, 2023) (citing *United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998)). Juries are "presumed to follow [a court's] cautionary instructions." *Randall*, 162 F.3d at 559.

The Court gave an appropriate curative instruction concerning Plaintiffs' counsel's questions about Liukonen's prior work for railroads in mesothelioma actions. The Court's instruction reinforced that Liukonen's testimony was not to be considered for the purpose of apportioning fault to non-parties, including W.R. Grace. The Court's instruction also directed the jury to focus on the actions taken or not taken by BNSF in this case, and not actions by any other party in another case. The curative instruction cured any error caused by Plaintiffs' counsel exceeding the scope of the Court's order concerning non-parties.

BNSF contends further that a mistrial is warranted because Plaintiffs' counsel posed a question regarding the statistics for people in Libby who never worked at the W.R. Grace Mine to suffer from asbestos-related disease. (Doc. 376 at 301.) BNSF argues that Plaintiffs' counsel's inquiry violated the Court's Order (Doc. 215). (*Id.*) The Court previously ordered the parties to identify evidence of nonparties' claims or diseases individually and outside the presence of the jury. (Doc. 215 at 7.)

Plaintiffs counsel asked the following question:

Have you not seen the statistics of how many people have asbestos-related disease in Libby that never worked at that mine?

(Doc. 376 at 258.) BNSF's counsel objected, and the Court overruled the objection. The Court further instructed the parties and the jurors: "So, again, we're looking at the conduct of the railroad here in this case. Let's focus on that." (*Id.*) Plaintiffs'

3

counsel's question appears to have been pertaining to the preparation and document review, or lack thereof, of one of BNSF's expert witnesses. The Court's instruction that this case focuses on the railroad's conduct likely cured any prejudicial effect of any error. The Court's instruction reminded the jury and the parties that this action addresses only the railroad's conduct and the alleged injuries incurred by Plaintiffs Wells and Walder and does not concern any other persons suffering from or diagnosed with an asbestos-related disease. *See Randall*, 162 F.3d at 559.

## ORDER

Accordingly, **IT IS ORDERED:**

1. BNSF's motion for a mistrial is **DENIED**.

DATED this 19th day of April 2024.

_____
Brian Morris, Chief District Judge
United States District Court