Jinnifer Jeresek Mariman
Ethan Welder
John Lacey
Mcgarvey Law
345 First Avenue East
Kalispell, MT 59901
(406) 752-5566
jmariman@mcgarveylaw.com
ewelder@mcgarveylaw.com
jlacey@mcgarveylaw.com

Mark Lanier
Sam Taylor II
Rachel Lanier
Alex Abston
Kevin Parker
LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N., Ste. 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
sam.taylor@lanierlawfirm.com
rachel.lanier@lanierlawfirm.com
alex.abston@lanierlawfirm.com
kevin.parker@lanierlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br>Defendant. | CV-21-97-GF-BMM<br><br><br>**PLAINTIFFS' MOTION TO ENTER JUDGMENT** |

Plaintiffs Jackson Wells, as Personal Representative for the Estate of Thomas E. Wells, deceased (Plaintiff Wells), and Judith Hemphill, as Personal Representative for the Estate of Joyce H. Walder, deceased (Plaintiff Walder), ask the Court to order the clerk to enter judgment against the Defendant, BNSF Railway Company (BNSF), to include the jury's findings of damages, as well as taxable costs of court and post-judgment interest as allowed by law.[1]

## Introduction

1. On April 22, 2024, the jury returned two special verdicts, with answers to written questions. *See* Docs. 390, 392. The jury found that Defendant BNSF's handling of vermiculite containing asbestos outside its duties as a common carrier was a substantial factor in bringing about the injuries of Plaintiff Wells, and that the amount of $4,000,000 was necessary to reasonably compensate him fully and fairly for his injuries and damages. Doc. 390. The jury separately found that Defendant BNSF's handling of vermiculite containing asbestos outside its duties as a common carrier was a substantial factor in bringing about the injuries of Plaintiff Walder, and that the amount of $4,000,000 was necessary to reasonably compensate her fully and fairly for her injuries and damages. Doc. 392.

2. With respect to the verdicts in favor of each of the Plaintiffs, the clerk entered a "Judgment in a Civil Case" on the same day, April 22, 2024, providing:

> It is ORDERED AND ADJUDGED Pursuant to the Jury Verdict reached in the matter of Jackson Wells as Personal Representative for the Estate of Thomas Wells, deceased [or Judith Hemphill as Personal Representative for the Estate of Joyce Walder, deceased], Judgment is entered in favor or Plaintiff and against the Defendant.

---

[1] To the extent necessary or appropriate, Plaintiffs request that this motion be considered a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

Docs. 400, 401.

3. The judgments entered by the clerk do not expressly award damages in the amounts found by the jury, nor do they address taxable costs of court and post-judgment interest. *See* Docs. 400, 401.

4. Because the judgment to be entered in this case is governed by Rule 58(b)(2)(A) of the Federal Rules of Civil Procedure (requiring court's approval when jury returns a special verdict or a general verdict with answers to written questions), the form of the judgment must be approved by the Court rather than entered by the clerk without awaiting the court's direction under Rule 58(b)(1)(A). *See Reese v. County of Sacramento*, No. 2:13-CV-00559-GEB-DAD, 2015 WL 6951284 (E.D. Cal. Nov. 10, 2015).

5. To date, the Court has not approved the form of the judgment. Plaintiffs request that the Court approve and direct entry of a Final Judgment in the form attached to this motion as Exhibit A.

## Conclusion

6. Plaintiffs ask the Court to approve the form of the judgment and order the clerk to enter judgment for Plaintiff Wells and Plaintiff Walder against Defendant BNSF, expressly ordering:

   (a) that Jackson Wells, as Personal Representative for the Estate of Thomas E. Wells, deceased, recover the sum of $4,000,000, and taxable costs as determined by the Court, from Defendant BNSF Railway Company;

   (b) that Judith Hemphill, as Personal Representative for the Estate of Joyce H. Walder, deceased, recover the sum of $4,000,000, and taxable costs as determined by the Court, from Defendant BNSF Railway Company;

(c) that Plaintiffs recover post-judgment interests on all of the above amounts as allowed by 28 U.S.C. § 1961 from the date the judgment is entered until the date the judgment is paid, at the rate of ____%, compounded annually;[2] and

(d) that execution issue for the judgment.

7. Finally, Plaintiffs request that the proposed form of judgment attached hereto as Exhibit A be entered as a Final Judgment in this action.

Respectfully submitted this 16th day of May 2024.

McGARVEY LAW

 */s/ Jinnifer Jeresek Mariman*
Jinnifer Jeresek Mariman
*Attorney for Plaintiffs*

---

[2] *See* https://www.mtb.uscourts.gov/post-judgment-interest-rates; as of May 15, 2024, the weekly average 1-year constant maturity Treasury yield, for the preceding calendar week, was 5.13% per annum. *See* https://www.federalreserve.gov/releases/h15/.