Jinnifer Jeresek Mariman
Ethan Welder
John Lacey
McGarvey Law
345 First Avenue East
Kalispell, MT 59901
(406) 752-5566
jmariman@mcgarveylaw.com
ewelder@mcgarveylaw.com
jlacey@mcgarveylaw.com

Mark Lanier
Sam Taylor II
Rachel Lanier
Alex Abston
Kevin Parker
LANIER LAW FIRM, PC
10940 W. Sam Houston Pkwy N., Ste. 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
sam.taylor@lanierlawfirm.com
rachel.lanier@lanierlawfirm.com
alex.abston@lanierlawfirm.com
kevin.parker@lanierlawfirm.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased, Plaintiffs, vs. BNSF RAILWAY COMPANY, Defendant. | CV-21-97-GF-BMM <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT BNSF RAILWAY COMPANY'S MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANT BNSF RAILWAY COMPANY'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS** |

Plaintiffs Jackson Wells, as Personal Representative for the Estate of Thomas E. Wells, deceased, and Judith Hemphill, as Personal Representative for the Estate of Joyce H. Walder, deceased, by and through counsel of record, respectfully submit the following *Response to Defendant BNSF Railway Company's Motion to Strike Plaintiffs' Response to Defendant BNSF Railway Company's Objections to Plaintiffs' Bill of Costs*.

The plain language of Local Rule 54.1 neither provides for nor prohibits Plaintiffs' previous *Response to Defendant BNSF Railway Company's Objections to Plaintiffs' Bill of Costs*. But if it did, it would most certainly also prohibit BNSF's eight-page "sur-reply" submitted as the instant motion. Because BNSF cites no authority for the relief requested, BNSF's *Motion to Strike* should be denied as wholly lacking in merit.

Because BNSF's ostensible motion is primarily a sur-reply to *Plaintiffs' Bill of Costs* —and Plaintiffs do not wish to inundate the Court any further by fully briefing the issues newly raised in BNSF's instant motion—Plaintiffs respectfully submit courtesy copies of the following authorities with highlights expressly showing that Plaintiffs correctly relied on these authorities in their response and that the criticism in BNSF's *Motion to Strike*—of Plaintiffs' handling of these cases—is wrong: **Exhibit 1** (*San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725 (9th Cir. 2009)), **Exhibit 2** (*d'Hedouville v.*

*Pioneer Hotel Co.*, 552 F.2d 886 (9th Cir. 1977)), **Exhibit 3** (*K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471 (9th Cir. 1974)), **Exhibit 4** (*Hines v. Perez*, 242 F.2d 459, 466 (9th Cir. 1957)), **Exhibit 5** (*Arredondo v. City of Billings*, No. CV-98-62-BLG-RWA, 2007 WL 43967, (D. Mont. Jan. 5, 2007)), and **Exhibit 6** (*Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577 (9th Cir. 2010)).

Additionally, since the filing of *Plaintiffs' Bill of Costs* and Plaintiffs' *Reply* in support thereof, the Montana Federal District Court recently addressed the meaning of "prevailing party."  **Exhibit 7** (*BNSF Railway Company v. The Center for Asbestos Related Disease Inc.*, Cause No. CV-19-40-M-DLC (Order 5/28/24)), p. 4 ("Here, there is no dispute that BNSF is a prevailing party under the FCA. Although the jury did not find for BNSF on all claims, the jury returned a verdict in BNSF's favor and judgment was entered in BNSF's favor.").

Respectfully submitted this 30th day of May 2024.

McGARVEY LAW

 /s/ Jinnifer Mariman
Jinnifer Mariman
*Attorney for Plaintiffs*
