# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JACKSON WELLS, as Personal Representative for the Estate of THOMAS E. WELLS, deceased; and JUDITH HEMPHILL, as Personal Representative for the Estate of JOYCE H. WALDER, deceased,<br><br>                Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>                Defendant. | CV-21-97-GF-BMM<br><br>ORDER |

## INTRODUCTION

Plaintiffs Jackson Wells, as Personal Representative for the Estate of Thomas E. Wells, deceased, and Judith Hemphill, as Personal Representative for the Estate of Joyce H. Walder, deceased, (collectively "Plaintiffs") filed a motion to enter judgment on May 16, 2024. (Doc. 406.) Defendant Burlington Norther Santa Fe Railway Company ("BNSF") opposes Plaintiffs' motion. (Doc. 414.) Plaintiffs filed an application for taxation of costs on May 6, 2024. (Doc. 404.) BNSF objects to Plaintiffs application of costs. (Doc. 405.) BSNF filed a motion to strike on May 22, 2024. (Doc. 413.) Plaintiffs oppose BNSF's motion (Doc. 415.)

The Court conducted a motion hearing on June 26, 2024. (Doc. 425.) The Court will consider Plaintiffs' motion to enter judgment (Doc. 406), Plaintiffs' application of costs (Doc. 404), BNSF's objection the Plaintiffs' application of costs (Doc. 405), and BNSF's motion to strike Plaintiffs' response (Doc. 413).

## FACTUAL AND LEGAL BACKGROUND

The facts remain well-known to the Court and to the parties and will not be repeated in full here. This action concerns BNSF's handling and transport of vermiculite containing asbestos in Libby, Montana. The Court conducted a jury trial in this matter from April 8, 2024, to April 22, 2024. The jury determined that BNSF's handling of vermiculite containing asbestos outside of its duties as a common carrier represented a substantial factor in causing the injuries to Plaintiffs Wells and Walder. (Doc. 390); (Doc. 392.) The jury determined, however, that BNSF had not acted negligently with respect to Plaintiffs Wells and Walder. The jury declined also to find that BNSF had acted maliciously with respect to Plaintiffs Wells and Walder. The jury awarded Plaintiffs Wells and Walder $4,000,000.00 each in compensatory damages, for a total of $8,000,000.00.

## DISCUSSION

The Court will discuss first Plaintiffs' motion to enter judgement. (Doc. 406.) The Court will then examine BNSF's motion to strike. (Doc. 413.) The Court will lastly consider Plaintiffs' application for taxation of costs. (Doc. 404.)

## I.   Plaintiffs' motion to enter judgment.

Plaintiffs pray that the Court enter judgement against BNSF, and that such judgment include the jury's finding of compensatory damages, as well as taxable costs and post-judgment interest. (Doc. 406 at 2.) Fed. R. Civ. P. 58(b)(2)(a) provides that a court must approve the form of the judgment when the jury returns a special verdict. A special verdict is "in the form of a special written finding of each fact." Fed. R. Civ. P. 49(a)(1). The verdicts as to Plaintiff Wells (Doc. 390) and Plaintiff Walder (Doc. 392), were labeled as "Special Verdict Form[s]," and required the jury to indicate each finding of fact. The Court agrees that Plaintiffs are entitled to the Court's approval of judgment. The Court will issue an order directing the Clerk of Court to enter judgment in a forthcoming order.

BNSF contends that Plaintiffs are not the prevailing party. (Doc. 405.) BNSF's contention proves unavailing. "A party in whose favor judgment is rendered is generally the prevailing party for purposes of Rule 54(d)." *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977). "Costs are generally awarded to the successful party even if [they are] not awarded [their] entire claim." *Thomas v. SS Santa Mercedes*, 572 F.2d 1331, 1335 (9th Cir. 1978); *see also Avanta Fed. Credit Union v. Shupak*, 223 P.3d 863, 874 (Mont. 2009) (The general rule is that the "prevailing party is the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case.") Where there is a mixed judgment "the court

can order each side to bear its own costs or can assess costs to reflect the amount of success each party achieved." *Friel v. Daley*, 230 F.3d 1366 (9th Cir. 2000); *see also Gibson v. Paramount Homes,* 253 P.3d 903, 909 (Mont. 2011) ("A determination of the prevailing party requires consideration of all the facts and circumstances of a case.")

BNSF cites to *Wheaton Equip. Co. v. Franmar, Inc.*, 2007 U.S. Dist. LEXIS 12440, at *9 (D. Idaho 2007), for the proposition that Plaintiffs are not the prevailing party because Plaintiffs received a total of $8,000,000.00, or approximately 13.3% of the total compensatory damages they sought. (Doc. 405 at 2.) The Court disagrees. The district court in *Wheaton Equipment Co.* determined that the plaintiff was the prevailing party after applying Idaho state law concerning the prevailing party for the purpose of awarding attorney fees. 2007 U.S. Dist. LEXIS 12440 at *11. The district court further viewed the question of prevailing party through the lense of the Idaho local rules, which provide in relevant part that "[g]enerally, the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." *Id.* at *8. The District of Montana employs no similar local rule. The Court declines to follow the district court's interpretation of prevailing party based on an application of Idaho state law.

The Court determines that Plaintiffs were the prevailing party in this action. The jury returned a verdict for Plaintiffs Wells and Walder. (*See* Doc. 390); (Doc. 392.) The jury's verdict creates a legal obligation for BNSF to compensate Plaintiffs Wells and Walder for their injuries, thereby materially changing the legal relationship between the parties. The Court remains mindful that the jury awarded Plaintiffs $8,000,000.00 in compensatory damages collectively when they had requested $60,000,000.00 in compensatory damages collectively. (*See* Doc. 405-1 at 2.)

## II. BNSF's motion to strike.

BNSF prays that the Court strike Plaintiffs' response to BNSF's objection to Plaintiffs' application for taxation of costs. (Doc. 413.) Loc. R. 54.1(c)(2) provides that "[i]f objections [to a bill of costs] are filed, the court shall make a determination and issue an order as to costs." Local Rule 54.1 does not appear to contemplate or permit the filing of a response to an objection to a bill of costs. The Court, exercising its discretion, will strike Plaintiffs' response to BNSF's objection as to the bill of costs. The Court will limit its consideration to Plaintiffs' bill of costs (Doc. 404); (Doc. 404-1), and BNSF's objection to taxation of costs. (Doc. 405.)

## III. Plaintiffs' application for taxation of costs.

5

Plaintiffs filed an application for taxation of costs, to which BNSF objects. Fed. R. Civ. P. 54(d)(1) permits a prevailing party to recover taxable costs. Loc. R. 54.1 provides as follows:

> Within 14 days after the entry of a judgment allowing costs, the prevailing party may serve and file an application for the taxation of costs. The application must be made on Form AO-133, Bill of Costs, available on the court's website and shall be limited to the costs permitted by 28 U.S.C. § 1920. Sufficient documentation showing the amount of costs (including but not limited to, copies of invoices, receipts, orders, vouchers, billing statements, etc.) is required. Failure to attach sufficient documentation to support a claimed cost is grounds for disallowance of that particular item.
>
> The opposing party may object within 14 days after the application was filed. Any objection must specify the item and/or amount objected to and give reasons for the objection.

Section 1920 of Title 28 of the U.S. Code recognizes that a court may tax costs for the following categories: clerk and marshal fees, fees for printed or electronically recorded transcripts necessarily obtained in the case, and fees for printing and witnesses. 28 U.S.C. § 1821(b) provides that "a witness shall be paid an attendance fee of $40 per day" for each day the witness appears in court or in a deposition. However, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987).

The Court's power to award costs proves discretionary. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). A "district court need not give affirmative

reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

BNSF argues that Plaintiffs' failure to submit their bill of costs on Form AO-133 should bar recovery of such costs. (Doc. 405 at 4-5.) The Court agrees that Plaintiffs failed to use Form AO-133 as required by Loc. R. 54.1. The Court determines, however, that Plaintiffs' bill of costs complies with the affidavit requirement set forth in 28 U.S.C. § 1924. Plaintiffs' counsel declared under penalty of perjury that the costs claimed are correct and necessarily incurred in the action. (*See* Doc. 404 at 2.) The Court will consider Plaintiffs' bill of costs alongside BNSF's objections. *See Lyons v. Jefferson Cnty.*, No. CV 21-44-H-JTJ, 2023 WL 5627314, at *1 (D. Mont. Aug. 30, 2023). The Court will consider each of BNSF's objections independently, with a total calculation for Plaintiffs' bill of costs presented following.

### A. Deposition transcripts

BNSF objects to Plaintiffs' requests for costs for deposition transcripts that were not directly used to support any motion or used during the course of trial. (Doc. 405 at 5-6.) Transcript fees prove recoverable only if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Court will tax costs associated with

transcripts and videos that were used in trial, after trial, or in a motion for summary judgment. *See Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1118 (D. Mont. 2019), aff'd, 819 F. App'x 483 (9th Cir. 2020). The Court agrees with BNSF's objection and declines to tax the costs associated with the deposition transcripts for the following witnesses: David Sicillia, PhD, James Obermiller, Jackson Wells, Todd LeHecka, Edwin Holstein, MD, Ronald Dodson, PhD, Mark Coella, MD, James Lockey, MD, and Arthur Frank, PhD. The Court declines to reduce Plaintiffs' cost associated with the Chandra Zechmeister deposition, as such deposition cost appears combined with the cost associated for Plaintiff Walder's deposition. (*See* Doc. 401-1 at 1.)

### B. Travel expenses

BNSF objects to Plaintiffs' proffered travel expenses for the following witnesses: Brent Staggs, M.D., Arnold Brody, Ph.D., and Kelsea Walder. (Doc. 405 at 7-11.) Section 1821 of title 28 of the U.S. Code provides that a witness shall be paid $40 per day for attendance and shall be paid for the actual expense of travel so long as the witness utilizes a "common carrier at the most economical rate reasonably available."

Plaintiffs failed to provide an invoice or other receipt for Brent Staggs's, MD ("Staggs") airfare. Staggs instead provided a note on letterhead, reading in pertinent part: "Airfare=$2,142.71." (Doc. 404-1 at 62.) The Court declines to grant Plaintiffs

8

the requested amount of $2,142.71 for Staggs's travel. The Court determines that $850 proves reasonable based on current flight prices between Little Rock, Arkansas and Helena, Montana.

Arnold Brody, Ph.D. ("Brody") provided evidence of travel cost totaling $5,959.28, including costs for a flight and a car and driver from Bozeman, Montana to Helena, Montana. The Court determines that such costs does not amount to the most economical rate reasonably available for purposes of 28 U.S.C. § 1821. The Court determines that $1500 proves reasonable based on current flight prices between Boca Raton, Florida and Bozeman, Montana and the cost of a car and driver between Bozeman, Montana and Helena, Montana

The Court declines to reduce Kelsea Walder's travel expenses of $1,017.94.

### C. Copying and printing materials

BNSF objects to Plaintiff's bill of costs as including copying and printing materials not necessarily obtained for use in the case. (Doc. 405 at 11-12.) BNSF objects to the following categories of costs claimed by Plaintiffs: 1) Dr. Black's deposition documents; 2) Plaintiffs' exhibits; 3) expert reports; 4) authentication documents; 5) BNSF's exhibits; and 6) Exhibit 1042. (Doc. 405 at 11-15.) The Court will discuss each category independently.

### 1. Dr. Black's deposition documents

BNSF objects to Plaintiffs' bill of costs including $9,738.72 in copying and printing costs for the deposition of Dr. C. Brad Black ("Dr. Black"). (Doc. 405 at 12.) A court may tax fees for printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2). The Court recognizes that it was BNSF that brought Dr. Black into issue in this matter. (*See* Doc. 232 at 2); (Doc. 262); (Doc. 322.) The Court determines, however, that it proves prudent to reduce Plaintiffs' claimed costs of documents for Dr. Black's depositions. The Court will reduce Plaintiffs' taxable costs to $5,150.00.

### 2. Plaintiffs' Exhibits

BNSF objects to Plaintiffs' bill of costs including $7,394.60 for Plaintiffs' Exhibits, $6,643.02 for "Plaintiffs Exhibits Continued," and $1,356.00 for "Supplemental Exhibits," for a total cost of $15,393.62. (Doc. 405-1 at 13.) A court may tax fees for printing. 28 U.S.C. § 1920(3). The Court recognizes the voluminous nature of the exhibits presented and documents prepared for trial. The Court determines, however, that reducing Plaintiffs claimed printing costs to $10,000 proves appropriate given the fact that many of the exhibits were printed multiple times and in multiple copies due to Plaintiffs' counsel's tendency to write and draw on copies of exhibits during direct, cross, and redirect examination.

### 3. Expert reports

BNSF objects to Plaintiffs' bill of costs including $764.32 for copying and printing of "Expert Reports." (Doc. 405 at 13-14.) A court may tax fees for printing. 28 U.S.C. 1920(3). Plaintiffs' documents indicate a fee of $320.24 for printing "All Expert Reports" and $121.97 for "Hart-2x." (Doc. 404-1 at 9.) The Court will reduce Plaintiffs' expert report costs to $442.21.

### 4. Authentication documents

BNSF objects to Plaintiffs' bill of costs including $302.30 for "Authentication" documents. (Doc. 405 at 14.) A court may tax fees for printing. 28 U.S.C. § 1920(3). The Court declines to reduce Plaintiffs' costs for authentication documents, as the Court recognizes that the parties failed to stipulate to the authentication of a multitude of documents prior to the trial proceedings.

### 5. BNSF exhibits

BNSF objects to Plaintiffs' bill of costs including $2,469.33 for the printing and copying of BNSF's exhibits. (Doc. 405 at 14.) A court may tax fees for printing. 28 U.S.C. § 1920(3). The Court again recognizes the voluminous nature of the documents and evidence in this case. The Court determines it prudent to reduce Plaintiffs' claimed costs for printing BNSF's exhibits to $1,235.00 to reflect the numerous copies of BNSF's exhibits printed by Plaintiffs for their own personal use.

### 6. Exhibit 1042.

BNSF objects to Plaintiffs' bill of costs including $251.61 for the printing and copying of "Ex[hibit] 1042." (Doc. 405 at 15.) A court may tax fees for printing. 28 U.S.C. § 1920(3). The Court construes the invoice provided by Alphagraphics, dated April 17, 2024, totaling $251.61, as representing the cost claimed for printing Exhibit 1042. (See Doc. 9-1 at 14.) The Court declines to grant Plaintiffs' claimed cost, however, because no information or evidence is presented substantiating the need for Exhibit 1042 or otherwise indicating what Exhibit 1042 was and how it was essential to the case.

## IV. Taxable Costs Calculation.

The Court shall award Plaintiffs $53,651.10 in taxable costs, based on the following calculations:

| | | | **Taxable Costs allowed** | | | |
|---|---|---|---|---|---|---|
| Name of Cost | | Amount | | | | |
| Filing fees | | $ 402.00 | | | Subtotal: | $ 572.00 |
| Complaint Service | | $ 70.00 | | | | |
| Dockument fees- 28 u.s.c. 1923 | | $ 100.00 | | | | |
| | | | | | | |
| **Witness fees** | Daily Fee | Travel Ex. | Hotel | Per Diem | Subtotal: | $ 19,748.42 |
| Julie Hart, PhD. | $ 120.00 | $ 91.92 | $ 618.36 | $ 192.00 | | |
| Julian Marshall | $ 120.00 | $ 1,472.28 | $ 1,126.88 | $ 192.00 | | |
| Barry Castleman | $ 160.00 | $ 2,614.80 | $ 1,126.88 | $ 256.00 | | |
| Brent Staggs | $ 160.00 | $ 850.00 | $ 1,126.88 | $ 256.00 | | |
| Arnold Brody | $ 120.00 | $ 1,500.00 | $ 845.16 | $ 192.00 | | |
| Steven Compton | $ 120.00 | $ 1,515.20 | $ 845.16 | $ 192.00 | | |
| Sean Well | $ 120.00 | $ 258.62 | $ 725.56 | $ 192.00 | | |
| Kelsea Walder | $ 160.00 | $ 1,017.94 | $ 206.12 | $ 256.00 | | |
| Chandra Zechmeister | $ 160.00 | $ 376.54 | $ 206.12 | $ 256.00 | | |
| Subtotals | $ 1,240.00 | $ 9,697.30 | $ 6,827.12 | $ 1,984.00 | | |
| | | | | | | |
| **Transcripts** | | | | | Subtotal: | $ 9,493.09 |
| David Sicillia | $ - | | | | | |
| John Kind | $ 891.65 | | | | | |
| James Obermiller | $ - | | | | | |
| Scott Carney | $ 2,288.50 | | | | | |
| Don Cleveland | $ 930.00 | | | | | |
| Jackson Wells | $ - | | | | | |
| Todd LaHecka | $ - | | | | | |
| Walder Depo | $ 525.00 | | | | | |
| Thomas Wells | $ 564.32 | | | | | |
| Edwin Holstein | $ - | | | | | |
| Ronald Dodson | $ - | | | | | |
| Julie Hart | $ 865.75 | | | | | |
| Steven Compton | $ 556.15 | | | | | |
| Barry Castleman | $ 679.45 | | | | | |
| Mark Coella | $ - | | | | | |
| Brent Staggs | $ 644.10 | | | | | |
| James Lockey | $ - | | | | | |
| Arnold Brody | $ 272.25 | | | | | |
| Arthur Frank | $ - | | | | | |
| Julian Marshall | $ 983.25 | | | | | |
| Daily Trial Transcripts | $ 292.67 | | | | | |
| | | | | | | |
| **Copies/Printing** | | | | | Subtotal: | $ 23,837.59 |
| McGarvey Law Printing | $ 5,657.96 | | | | | |
| Dr. Black Depo Docs | $ 5,125.00 | | | | | |
| P's Exhiits | $ 10,000.00 | | | | | |
| P's Exhibits II | $ - | | | | | |
| Poster Display Photos | $ 720.00 | | | | | |
| IHF Prints | $ 126.22 | | | | | |
| Exhibits- Expert Reports | $ 442.21 | | | | | |
| Authentication Docs. | $ 303.20 | | | | | |
| BNSF Exhibits | $ 1,235.00 | | | | | |
| EX 1042 | $ - | | | | | |
| Supplemental Exhibits | $ - | | | | | |
| Exhibits for John Kind Cross | $ 228.00 | | | | | |
| | | | | | | |
| | | **TOTAL TAXABLE COSTS** | **$ 53,651.10** | | | |

13

## ORDER

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' motion to enter judgment (Doc. 406) is **GRANTED**. The Court will amend the Judgment in a forthcoming order.

2. BNSF's motion to strike (Doc. 413) is **GRANTED**. The Court considers only Plaintiffs application for taxation of costs and BNSF's objection.

3. Plaintiffs' application for taxation of costs is **GRANTED in part**. The Court grants Plaintiffs taxable costs totaling $53,651.10 based on the calculations outlined in this order.

DATED this 15th day of July 2024.

_____
Brian Morris, Chief District Judge
United States District Court